PERFECTO RODRÍGUEZ PÉREZ ET AL., Plaintiffs and Appellees, *v.* CENTRAL PASTO VIEJO, INC., Defendant and Appellant.

No. 4771.   Argued December 3, 1929.—Decided February 4, 1930.

*J. Vendrell,* for appellant.   *Arturo Aponte,* for appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal by a defendant because the judgment for costs did not exclude attorney's fees. Perfecto Rodríguez and others became the parties to a contract with the Central Pasto Viejo, Inc., and for an alleged breach brought suit to recover $966.17, interests and costs. The defendant demurred. On the day set for hearing the plaintiffs did not appear. The defendant then withdrew its demurrer and obtained twenty days to answer. Subsequently an answer was filed agreeing to a judgment for the amount claimed with interests, but, setting up facts to justify their position, asked that counsel fees be excluded. There was a hearing on this issue and the court refused to exclude them.

The court relied on *Hernández* v. *Heirs of Córdova et al.,* 31 P.R.R. 604; *Betancourt* v. *Board of Award of Río Grande,* 30 P.R.R. 227; and *Zorrilla* v. *Orestes,* 28 P.R.R. 698, and the appellant seeks to distinguish them. The court also held that under the facts the defendant ought not to have required the plaintiffs to file a suit and thus to use the services of an attorney.

Under the law, as finally amended by Act No. 38 of 1917, the imposition of costs is within the discretion of the trial court, unless the defendant fails to make an appearance. In this case the defendant not only appeared but demurred, subsequently indicated its intention to answer and actually filed an answer attempting to exclude the fees. Under the law it had, so to speak, a *locus poenitentiae,* but did not take advantage of it. We do not find it necessary to enter into the excuses that defendant had for not paying the amount claimed.

The brief of appellant, after discussing the excuses concedes that, at some period after suit filed, the defendant was advised to pay the claim. This advice could have been obtained before, if, as was quite possible, a different advice was not previously given the defendant. The plaintiff had to consult an attorney. The attorney had to prepare a complaint, and after the defendant indicated its intention to answer further perhaps to prepare the case for trial. All these matters and many others may have induced the court not to exclude the fees.

To say that the court committed an abuse of discretion the appellant should convince us that there was a meritorious defense, perhaps that the complaint did not state a cause of action. Where such a defense is doubtful, the court below should have an ample discretion with which we are loath to interfere except in a very clear case.

The judgment will be affirmed.